IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERRIE LYNN GRANADA                                                                    PLAINTIFF

v.                             Civil No. 5:22-CV-05195

SGT. MARIAH CARRIER,
Washington County Detention Center (WCDC);
SGT. WILL FOSTER, WCDC;
CORPORAL CARLEY EAST, WCDC;
DEPUTY HANNAH FRASER, WCDC;
DEPUTY KELLIE GRAMMER, WCDC                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Terrie Lynn Granada filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned in accordance with 28 U.S.C. § § 636(b)(1) and (3) for the purposes of making a Report and Recommendation.

Plaintiff was incarcerated as a pretrial detainee at the Washington County Detention Center ("WCDC") in Fayetteville, Arkansas when she filed this action. (ECF No. 1). The Court previously granted Plaintiff's *in forma pauperis* (IFP) application. (ECF No. 3). This matter is now before the Court for preservice screening under 28 U.S.C. § 1915A *et seq*. of the Prisoner Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice for failure

to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Plaintiff alleges three claims for relief. Plaintiff first claims that when she had COVID-19 while incarcerated at the WCDC on August 17, 2022, Sgt. Mariah Carrier and Deputy Fraser required her and eight other female inmates to carry their belongings, including their mats, down the stairs and into the courtroom hallway. (ECF No. 1). Plaintiff claims she almost tripped while moving her belongings. Plaintiff alleges that a few days earlier, the same shift allowed other inmates to take the elevator and use a cart to move their belongings. Plaintiff claims this is evidence of discrimination and unsafe and unsanitary conditions which violate her constitutional rights.

Plaintiff's second and third claims further address her conditions of confinement. Plaintiff says that after she and others tested positive for COVID-19 and were placed in the courtroom hallway, they were required to sleep on a dirty floor from August 17-18, 2022. *Id.* Plaintiff also alleges they were served food late – claiming on one occasion they were not served dinner until after 8 pm – and that when served, their food was cold. Plaintiff identifies Corporal Carley East and Sgt. Will Foster as the individuals who distributed the late, cold meals. She describes these officers as being were rude, making it seem like the inmates were in trouble. *Id.*

On August 19, 2022, Plaintiff says they were moved from the courtroom hallway to a cell block in the men's pod (WBlock-C2). *Id.* Plaintiff describes that during their week in WBlock-C2, (a) the cell block was dirty and smelled of urine, and (b) they were supervised by male officers while showering but did not have a shower curtain, leaving the top halves of their bodies exposed. Plaintiff claims that Deputy Kellie Grammar and Deputy Hannah Fraser did not provide them with a shower curtain. *Id.*

Plaintiff names defendants in their official and individual capacities in each of the claims. Plaintiff requests compensatory damages.

## II.   LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III.   LEGAL ANALYSIS

### A. Discrimination Claim

Plaintiff claims she and eight other female inmates were discriminated against when they were required to carry their belongings and use the stairs when other inmates were allowed to use carts and the elevator to move their items. This claim fails as a matter of law.

Recognizing that *pro se* complaints are to be construed liberally, this Court views this claim as an equal protection claim. The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV,

§ 1. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). The first step in an equal protection case, therefore, "is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Id.; see also Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999) (the court's analysis of equal protection claims begins by asking whether the plaintiff has shown that he has been treated differently than others similarly situated). "Absent a threshold showing that [the plaintiff] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.*

Here, Plaintiff alleges that her group of inmates is similarly situated to the group of inmates who, a few days earlier, was allowed to use a cart and elevator to move their belongings. This argument is unpersuasive. The passage of time is singularly sufficient to find that these groups of inmates are not similarly situated. Plaintiff does not say, and the Court is unaware of what circumstances – or what change in circumstances – existed on prior days when WCDC staff permitted inmates to use a cart and/or elevator to move their belongings. Because Plaintiff cannot establish these two groups are "similarly situated," her equal protection claim fails. Plaintiff also fails to allege any *reason* for the alleged discrimination. Put differently, Plaintiff has not identified the basis for the defendants' decision to allow one group of inmates to use the cart and elevator but to refuse the same accommodation to another group at a different time. In *Romer v. Evans*, 517 U.S. 620, 631 (1996), the Supreme Court explained that "if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Id.* at 631. Because Plaintiff has failed to allege any facts

suggesting that this purported difference in treatment was motivated by membership in a protected class or that it burdened a fundamental right, Plaintiff fails to allege an equal protection claim. *See also Weiler*, 137 F.3d at 1052 (concluding that plaintiff failed to allege equal protection claim where he did not identify a "classification system by which the defendants determined who would receive the nonconforming packages and who would not"). It is recommended that Plaintiff's discrimination/equal protection claim be dismissed.

### B. Conditions of Confinement Claims

As a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Services Corporation*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 525 n.16 (1979)). In articulating the standard governing pretrial detainees' claims related to conditions of confinement, the Supreme Court, in *Bell v. Wolfish*, 441 U.S. 520 (1979), held that the government may detain defendants prior to trial and "may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. There are two ways to establish that conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538. Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39).

Pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir.

2012). However, "[n]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.* "In considering whether the conditions of pretrial detention are unconstitutionally punitive, [courts] review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

In this case, the impositions upon Plaintiff are *de minimis*. Plaintiff alleges sleeping on a mat placed on a dirty floor for only two days: August 17-18, 2022 – without suffering injury. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (affirming dismissing of § 1983 complaint where plaintiff failed to allege any injury). Plaintiff then describes being served a cold, late meal on only one occasion without incident. (ECF No. 1). Plaintiff does not enjoy a constitutionally protected right to warm food. *See, e.g.*, *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (concluding that prisoner's claim that his constitutional rights were violated when he was served cold food was frivolous) (citing *Rust v. Grammar*, 858 F.2d 411, 414 (8th Cir. 1988)). And although Plaintiff alleges she "almost tripped" while moving her belongings to the courtroom hallway, *see* (ECF No. 1, at 5), courts have held that a mere "slip and fall," without more, generally does not implicate the Constitution. *See Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (rejecting as frivolous prisoner's claim that a slip and fall constituted a constitutional violation). Importantly, Plaintiff does not say she actually fell or that any of her unpleasant conditions caused her to suffer an actual injury. *See Smith v. Copeland*, 87 F.3d 265 (8th Cir. 1996) (pretrial detainee's claim that he was exposed to raw sewage in his isolation cell for four days did not rise to the level of constitutional significance where detainee failed to establish that he suffered any

injury from the exposure, and he declined an opportunity to clean the mess himself). Plaintiff also claims that, for a period of one week, she was housed in a cell block that smelled of urine. Although unpleasant, Plaintiff does not allege she suffered any injury from being exposed to a stinky cell block. *See Ellis v. Norris, supra.*

With respect to showering, Plaintiff complains that during her week on WBlock-C2, she was not allowed a shower curtain which resulted in her exposing the top half of her body to male officers who were assigned to supervise her. This Court analyzes this claim as alleging a violation of Plaintiff's right to privacy. The United States Supreme Court, however, has long recognized that a "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984); *see Bell v. Wolfish,* 441 U.S. 520, 537 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement."). The Eighth Circuit also has repeatedly held that prisoners do not have a constitutionally protected privacy right preventing them from being observed by guards of the opposite sex. *Bell v. Conrad,* 749 F.App'x. 490, 491 (8th Cir. 2019) (affirming preservice dismissal and holding that "prison officials did not violate a clearly established constitutional right by allowing female guards to monitor Bell through surveillance cameras"); *Hill v. McKinley*, 311 F.3d 899, 903 (8th Cir. 2002) (holding that a female detainee's constitutional rights were not violated when she was required to undress in front of a male guard); *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment

7

opportunities."); *see also Robinson v. Boulier,* 121 F.3d 713, at *1-2 (8th Cir. 1997) (holding that no constitutional violation arose from female officers' "panoramic view" of male inmates' shower and toilet areas). Under governing precedent which must guide this Court's analysis, Plaintiff had no constitutionally protected privacy right which prevented her from being observed by guards of the opposite sex while she showered.

Thus, for the reasons stated, the undersigned finds Plaintiff has failed to establish a claim that the conditions of her confinement violated her constitutionally protected rights.

### IV.   CONCLUSION

Upon review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that: (1) Plaintiff's Complaint (ECF. No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 27th day of October 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE